UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20178-CIV-ALTONAGA/Reid

**BURGER KING COMPANY LLC**,

    Plaintiff,

v.

**CONSOLIDATED BURGER HOLDINGS, LLC**; *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, Consolidated Burger A, LLC ("Burger A") and Consolidated Burger B, LLC's ("Burger B['s]") Motion for Partial Summary Judgment [ECF No. 41], filed on July 11, 2024. Defendants[1] seek summary judgment on Counts V, VIII, XI, XII and XIII of Plaintiff, Burger King Company, LLC's Complaint.

### I. BACKGROUND

The Court assumes the reader's familiarity with the case and provides only the necessary background relevant to the Motion. A simplified history of the parties' contractual relationship follows.

In June 2018, Defendants each executed five franchise agreements (the "2018 Agreements"), acquiring the right to own and operate a total of ten Burger King restaurants.[2] (*See*

---

[1] There are three additional Defendants in the case that did not join the present Motion: Consolidated Burger Holdings, LLC; Parent Consolidated Burger Holdings, LLC; and Lee Baugher. (*See generally* Complaint [ECF No. 1]; *see also* Mot.). Unless otherwise noted, for purposes of this Order, "Defendants" refers only to Defendants Burger A and Burger B.

[2] The relevant restaurants acquired by Burger A are BK #1684, BK #5557, BK #6621, BK #307, and BK #5049. (*See* Compl. ¶¶ 32–33). Burger B acquired BK #82, BK #2993, BK #17461, BK #3697, and BK

Compl. ¶ 31). At the same time, Defendants executed and assumed agreements (the "2018 Agreement") with Plaintiff requiring Defendants' Burger King restaurants to be remodeled by set deadlines. (*See id.* ¶¶ 34–37; Defs.' Statement of Material Facts ("SOF") [ECF No. 42] ¶¶ 1–3 (citations omitted)). The 2018 Agreement required Defendants to

> have completed, not more than three (3) years and not less than three (3) months prior to the expiration of the Term of this Agreement, the improvements, alterations, remodeling or rebuilding of the interior and exterior of the Franchised Restaurant so as to reflect the then Current Image of BURGER KING Restaurants, pursuant to such plans and specifications as [Plaintiff] reasonably approves.

(Compl. ¶ 35 (alteration added; quotation marks omitted)). The 2018 Agreement also contained clauses stating Defendants would be in default if they failed to meet Plaintiff's reasonable expectations regarding remodeling. (*See id.* ¶ 36).

On December 5, 2019, the parties entered into a subsequent agreement concerning the remodeling of Defendants' restaurants (the "2019 Agreement"). (*See* SOF ¶ 9 (citing Compl. ¶ 46)). The 2019 Agreement "offered [Defendants] certain incentives to complete Burger King of Tomorrow Remodels . . . . Those incentives included reduced royalties, among others." (Compl. ¶ 46 (alterations added)). The 2019 Agreement also appeared to extend the remodel deadlines for many of the Burger King restaurants owned by Defendants. (*See id.* ¶¶ 47–49). Plaintiff asserts Defendants failed to meet even the extended remodel deadlines and did not otherwise comply with their post-termination obligations under the 2018 Agreement. (*See id.* ¶¶ 49–50, 54, 58).

According to Defendants, the 2019 Agreement forecloses Plaintiff's claims. (*See* Mot. 4–5).[3] The 2019 Agreement, which includes both a merger clause and a termination of prior

---

#9360. (*See id.*). All Defendants contracted with a previous Burger King franchisee to acquire 66 Burger King franchise locations in total. (*See id.* ¶ 28).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

agreement clause,[4] allows Plaintiff to increase its royalties from Defendants' use of their restaurants for failing to meet the remodel deadlines. (*See* SOF ¶ 11). Defendants argue this royalty increase is the only relief afforded to Plaintiff. (*See* Mot. 5). Defendants now seek partial summary judgement, asserting that Plaintiff has either contracted away its claims because of the 2019 Agreement, or Defendants' obligations under the 2018 Agreement have lapsed due to the subsequent 2019 Agreement extending the 2018 remodel deadlines and then expiring. (*See id.*).

These are not new arguments. The parties have made these arguments several times before: in addressing Defendants' Motion to Dismiss (filed by all Defendants) and Plaintiff's Motions for Preliminary Injunction. (*See generally* Defs.' Mot. to Dismiss [ECF No. 4]; Pl.'s Resp. in Opp'n to Defs.' Mot to Dismiss [ECF No. 12]; Defs.' Reply in Supp. of Mot. to Dismiss [ECF No. 13]; Pl.'s Mot. for Prelim. Inj. [ECF No. 5]; Pl.'s Renewed Mot. for Prelim. Inj. [ECF No. 27]; Defs.' Resp. in Opp'n to Pl's Renewed Mot. for Prelim Inj. [ECF No. 30]; Pl's Reply in Supp. of its Renewed Mot. for Prelim. Inj. [ECF No. 36]). As the present Motion presents arguments largely identical to those raised in Defendants' previous filings, the Court finds additional briefing unnecessary. Further, because the meaning of the Agreements is ambiguous, the Motion must be denied. The Court explains.

---

[4] The merger clause reads:

> Entire Agreement. This Remodel Agreement, including the exhibits, supersedes any previous agreements, understandings, or arrangements between the parties relating to the subject matter hereof, and sets forth the entire understanding between the parties relating to such subject matter, there being no terms, conditions, warranties, or representations other than those contained herein.

(SOF ¶ 11 (emphasis omitted)). The termination clause states: "The [2018 Agreement] is hereby terminated as of the date hereof." (*Id.* (emphasis omitted; alteration added)).

CASE NO. 24-20178-CIV-ALTONAGA/Reid

## II. DISCUSSION

Defendants argue summary judgment is appropriate because no triable issues of fact exist as (1) Defendants' failure to meet their remodel obligations only results in an increase of the royalties owed to Plaintiff; or (2) no obligations existed, given the 2018 Agreement's deadline lapsed. (*See* Mot 5, 7). Plaintiff insists the 2019 Agreement never actually extended the relevant deadlines due to Defendants' failure to comply with the remodel requirements. (*See* Pl.'s Resp. to Defs.' Mot. to Dismiss 10 ("[T]he 2019 Agreement is clear that all obligations of the [2018 Remodeling] Agreement would remain applicable, absent successful completion of the [2019 Agreement's Remodeling] program.") (alterations added; citations omitted)). The parties' arguments, fully briefed twice before and now made yet again in Defendant's Motion, raise an issue of contract interpretation.

Under Florida law,[5] if a contract is clear and unambiguous, the Court must interpret "the contract in accordance with its plain meaning, and . . . should not resort to outside evidence or the complex rules of construction to construe the contract." *Key v. Allstate Ins. Co.*, 90 F.3d 1546, 1549 (11th Cir. 1996) (alteration added; collecting cases). The interpretation of a contract — including whether a term is ambiguous — is a question of law to be decided by the Court.[6] *See Team Land Dev., Inc. v. Anzac Contractors*, Inc., 811 So. 2d 698, 699–700 (Fla. 1st DCA 2002) (citation omitted). By contrast, "when the terms of a written instrument are disputed and rationally susceptible to more than one construction, an issue of fact is presented[.]" *Chhabra v. Morales*,

---

[5] The Agreements contain a choice of law provision requiring the application of Florida law, which no party challenges. (*See e.g.*, Pl.'s Mot. for Prelim. Inj., Ex. A [ECF. No. 5-1] 53 ("This Agreement shall be governed in accordance with the laws of the State of Florida.")).

[6] "[U]nder Florida law, franchise agreements are considered personal service contracts." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1506 (S.D. Fla. 1995) (alteration added) (citing *Burger Chef Sys., Inc. v. Burger Chef of Fla.*, Inc., 317 So. 2d 795, 797 (Fla. 4th DCA 1975)).

4

906 So. 2d 1261, 1262 (Fla. 4th DCA 2005) (alteration added; citation and quotation marks omitted).

The parties focus on different portions of the 2019 Agreement. Plaintiff highlights language it says made the extension of the remodel deadlines contingent on Defendants' compliance with the 2019 Agreement's remodel provisions: namely, "that Defendants would receive new successor franchise agreements 'after the Completion of a BKOT Remodel for a Restaurant[.]'" (Pl.'s Reply to Renewed Mot. for Prelim. Inj. 4 (alteration adopted; other alteration added; citation omitted)). Plaintiff argues the 2019 Agreement is best read as requiring Defendants "to complete a BKOT Remodel" or the 2019 Agreement would not be executed. (*Id.* 3 (citation omitted)). As further evidence, Plaintiff points out the 2019 Agreement's deadline has long since passed, arguing the Agreement and its deadlines thus hold "no force and effect." (*Id.* (citation omitted)). Plaintiff also asserts that "the subject matter of the 2019 Agreement was the BKOT Remodel program of financial incentives[,]" meaning "any obligation [Defendants] had with respect to remodel deadlines under the [2018] Agreements" was still in effect. (*Id.* (alterations added; citations omitted)).

Defendants, by contrast, point to broader language in the 2019 Agreement: namely, that it "supersedes any previous agreements, understandings, or arrangements between the parties relating to the subject matter hereof[.]" (SOF ¶ 11 (alteration added; emphasis and citations omitted); *see also* Mot. 9). Further, Defendants argue that Section 8(b) of the 2019 Agreement bars Plaintiff from deeming a franchisee to be in default; Defendants assert an increase in royalties is Plaintiff's exclusive remedy. (*See* Mot. 10 (explaining that Section 8(b) serves as an express remedy and thus forecloses Plaintiff from "terminating a franchised location.")). Defendants also argue that because certain remodel deadlines for some of their franchises "were on or after the

5

expiration of the 2019 Remodel Agreement, the 2019 Remodel Agreement eliminated the [original] remodel obligation[s.]" (*Id.* 11 (alterations added)). Defendants posit that it follows Plaintiff has no remedy or only the ability "to charge a royalty fee of six percent (6%) [on] Non-Compliant Restaurants." (*Id.* (alteration added)).

As should be readily apparent from the parties' submissions and differing interpretations, issues of material fact preclude the entry of summary judgment. The parties clearly disagree on the correct interpretation of the 2019 Agreement, its interplay with the 2018 Agreements, and the effect of the "incentives" language of the 2019 Agreement. Defendants insist the 2019 Agreement can only be interpreted as resulting in, at most, an increase of 6% in a royalties entitlement to Plaintiff. Under Plaintiff's competing position, the 2019 Agreement can only be interpreted as either expired, or never executed, meaning the 2018 Agreement controls and Defendants are in default.

The parties present reasonable arguments to support their respective interpretations of the tangled web of franchise agreements. The Court cannot settle these interpretation disputes by summary judgment. "Although contract interpretation is generally a question of law for the Court, if the contract contains ambiguities a question of fact for the jury may be presented." *Nature's Prods., Inc. v. Natrol, Inc.*, 990 F. Supp. 2d 1307, 1314 (S.D. Fla. 2013) (alterations, internal quotation marks, and citations omitted). And "[w]here the terms of a contract are disputed and reasonably susceptible to more than one construction, an issue of fact is presented which cannot properly be resolved by summary judgment." *Graham v. Lloyd's Underwriters at London*, 964 So. 2d 269, 274–75 (Fla. 2d DCA 2007) (alteration added; citations omitted).

The Agreements are not so clear and concrete as to enable the Court to decide their scope as a matter of law. One can reasonably interpret the Agreements to effectuate Plaintiff or

CASE NO. 24-20178-CIV-ALTONAGA/Reid

Defendants' competing positions. Faced with these differing constructions, and drawing all reasonable inferences in favor of Plaintiff, Defendants' Motion must be denied.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants, Consolidated Burger A, LLC, and Consolidated Burger B, LLC's Motion for Partial Summary Judgment **[ECF No. 41]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of July, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record